FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03079-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 16. Attorney D. James Tree represents Michael H. (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on January 8, 2014, Tr. 63, alleging disability since June 10, 2013, Tr. 170, due to hepatitis C, arthritis, high blood pressure, chronic lower back pain, and

hypothyroidism, Tr. 193. The application was denied initially and upon reconsideration. Tr. 81-88, 91-97. Administrative Law Judge (ALJ) Ilene Sloan held hearings on April 11, 2016 and June 29, 2016 and heard testimony from Plaintiff and vocational expert Leta Berkshire. Tr. 34-62. The ALJ issued an unfavorable decision on March 1, 2017. Tr. 18-29. The Appeals Council denied review on March 20, 2018. Tr. 1-6. The ALJ's March 1, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on May 17, 2018. ECF Nos. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 50 years old at the date of application. Tr. 170. He completed two years of college in 1983. Tr. 194. His reported work history includes the jobs of forklift operator/truck driver, laborer, and shipping supervisor. *Id*. When applying for benefits Plaintiff reported that he stopped working on June 10, 2013 because of his conditions. Tr. 193.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in significant numbers in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled." 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 1, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from January 8, 2014 through the

date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 8, 2014, the date of application. Tr. 20.

At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical spine degenerative disc disease and lumbar spine spondylosis. Tr. 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> [H]e can stand and or walk 4 hours in an 8-hour workday. He can sit 6 hours in an 8-hour workday. He can occasionally climb ladders, ropes, and scaffolds. He is unlimited in his ability to balance. He can frequently stoop, kneel, and crouch. He can occasionally crawl. He must avoid concentrated exposure to vibration and hazards.

Tr. 22-23. The ALJ identified Plaintiff's past relevant work as truck operator/forklift operator and shipping supervisor and found that he could not perform this past relevant work. Tr. 27-28.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production line solderer, electrical accessories assembler, and office helper. Tr. 28 . The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from January 8, 2014, through the date of the ALJ's decision. Tr. 29.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's

decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to consider Plaintiff's pain disorder at step two, (2) failing to properly weigh medical opinions, (3) failing to make a proper step five determination, and (4) failing to properly weigh Plaintiff's symptom statements.

## DISCUSSION[1]

**1. Step Two**

Plaintiff argues that the ALJ failed to address Plaintiff's pain disorder associated with psychological and physical factors at step two. ECF No. 14 at 4-6.

At step two of the sequential process, the ALJ must determine whether a claimant suffers from a "severe" impairment. 20 C.F.R. § 416.920(c). To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment. 20 C.F.R. § 416.921.[2] "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

[2] Prior to March 17, 2017, these requirements were set forth in 20 C.F.R. §416.908, 416.928 (2016).

activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). If the claimant fulfills this burden, the ALJ must find the impairment "severe." *Id*. The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

At step two, the ALJ found that Plaintiff had no medically determinable severe mental health impairment. Tr. 20. She did identify anxiety as a medically determinable impairment, Tr. 20, but found that it was not severe: "claimant's medically determinable mental impairment of anxiety disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere," Tr. 21. There was no discussion of a pain disorder in the ALJ's decision.

Leslie P. Schneider, Ph.D. diagnosed Plaintiff with pain disorder associated with psychological and physical factors on January 13, 2015. Tr. 545. Plaintiff argues that the diagnosis requires the ALJ to address the pain disorder at step two. ECF No. 14 at 4-5. Citing 20 C.F.R. 416.921, Defendant argues that Dr. Schneider's diagnosis is not sufficient to find any pain disorder medically determinable. ECF No. 16 at 3. While Defendant is accurate that a diagnosis or medical opinion does not establish the existence of an impairment, 20 C.F.R. § 416.921, the case is being remanded for additional proceedings. The basis of the remand is the ALJ's failure to properly address the opinions of medical providers who diagnosed Plaintiff with impairments associated with pain, Tr. 316, 318, 584-85. *See infra*. Therefore, upon remand, the ALJ will also address any evidence supporting the existence of a pain disorder.

**2. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Jeremiah Crank, M.D., Steven Foster, D.O., Myrna Palasi, M.D., William Drenguis, M.D., Leslie Schneider, Ph.D., Dan Donahue, Ph.D., and Olegario Ignacio, Jr., M.D. ECF No. 14 at 5-18.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A.     Jeremiah Crank, M.D.

On March 6, 2014, Dr. Crank evaluated Plaintiff and completed a Physical Functional Evaluation form for the Washington Department of Social and Health Services (DSHS). Tr. 317-21, 367-70. Dr. Crank diagnosed Plaintiff with back pain/degenerative disc disease with radiculopathy. Tr. 318. He opined that Plaintiff had a marked limitation in the following basic work activities: sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. *Id*. He opined that Plaintiff was capable of sedentary work in a

regular predictable manner despite his impairment. Tr. 319. The ALJ gave the opinion that Plaintiff was limited to sedentary work little weight because Dr. Crank "did not have the benefit of objective imaging." Tr. 26.

First, Plaintiff challenges the ALJ's treatment of the opinion by asserting that the ALJ only rejected the limitation to sedentary work and failed to address the marked limitation in the abilities to handle, push, pull, reach, stoop, and crouch. ECF No. 14 at 7-8. Social Security Ruling (S.S.R.) 96-8p states that the residual functional capacity assessment "must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Here, Dr. Crank's opinion addressed Plaintiff's ability to handle, push, pull, reach, stoop, and crouch, Tr. 318, but the ALJ's decision only addressed the limitation to sedentary work, Tr. 26. The ALJ's residual functional capacity determination addressed limitations in stooping and crouching, but failed to address handling, pushing, pulling, and reaching. Tr. 22-23. Therefore, the ALJ failed to properly address all of Dr. Crank's opinion. This was an error.

Second, Plaintiff challenges the ALJ's rejection of Dr. Crank's opinion by asserting that the ALJ failed to address the factors listed in 20 C.F.R. § 416.927. ECF No. 14 at 8. Defendant argues that the ALJ's rationale for rejecting the limitation to sedentary work, that the provider did not review the imaging reports, demonstrates that the ALJ considered the factors set forth in 20 C.F.R. § 416.927. ECF No. 16 at 13. One of the factors the ALJ is to consider is supportability: "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion." 20 C.F.R. § 416.927(c)(3). Therefore, the ALJ's reason for rejecting the limitation to sedentary work shows she considered the factors under 20 C.F.R. § 416.927.

Third, Plaintiff argues that the ALJ's determination that Dr. Crank did not

review imaging was not supported by substantial evidence. ECF No. 14 at 10 ("Given that Dr. Crank was [Plaintiff's] primary care provider (*e.g.* Tr. 357), it is also highly likely Dr. Crank at least reviewed the reference imaging."). In the March 6, 2014 evaluation report, Dr. Crank stated that Plaintiff reported that he had degenerative disc disease present on his imaging. Tr. 367. However, later in the report, Dr. Crank stated that he followed up with Dr. Lyzencheck at Quality Care in Yakima, who Dr. Crank identified as Plaintiff's primary care physician, and learned that two years ago imaging of the lower back showed degenerative disc disease/impingement in nerves. *Id.* The record is unclear as to whether Dr. Crank actually reviewed the imaging reports or simply spoke with Dr. Lyzencheck. The Court recognizes that the responsibility of resolving ambiguities lies with the ALJ. *Andrews*, 53 F.3d at 1039. However, because the ALJ failed to address the opinion in full, a remand is required. Upon remand, the ALJ will consider all the factors set forth in 20 C.F.R. § 416.927 and consider Dr. Crank's follow-up with Dr. Lyzencheck when addressing the opinion.

### B. Steven Foster, D.O.

On January 8, 2015, Dr. Foster evaluated Plaintiff and completed a Physical Functional Evaluation form for DSHS. Tr. 584-88. Dr. Foster diagnosed Plaintiff with lumbago and opined that he had a moderate to marked limitation in the following basic work activities: sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching. Tr. 585. He then opined that Plaintiff was capable of performing sedentary work in a regular predictable manner despite his impairment. Tr. 586. The ALJ gave the opinion that Plaintiff was limited to sedentary work little weight because Dr. Foster "did not have the benefit of objective imaging." Tr. 26.

First, Plaintiff challenges the ALJ's treatment of Dr. Foster's opinion by asserting that she failed to address the full opinion. ECF No. 14 at 7-8. S.S.R. 96-8p states that the residual functional capacity assessment "must always consider

and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Here, like Dr. Crank's opinion, Dr. Foster's opinion addressed Plaintiff's ability to handle, push, pull, reach, stoop, and crouch, Tr. 318, but the ALJ's decision only addressed the limitation to sedentary work, Tr. 26. The ALJ's residual functional capacity determination addressed limitations in the ability to stoop and crouch, but failed to address any limitations in handling, pushing, pulling, and reaching. Tr. 22-23. Therefore, the ALJ failed to properly address all of Dr. Foster's opinion. This is an error.

Second, Plaintiff challenges the ALJ's rejection of Dr. Foster's opinion by asserting that the ALJ failed to address the factors listed in 20 C.F.R. § 416.927. ECF No. 14 at 8. Defendant argues that the ALJ's rationale for rejecting the limitation to sedentary work, that the provider did not review the imaging reports, demonstrates that the ALJ considered the factors set forth in 20 C.F.R. § 416.927. ECF No. 16 at 13. As addressed above, one of the factors the ALJ is to consider is supportability: "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion." 20 C.F.R. § 416.927(c)(3). Therefore, the ALJ's reason for rejecting the limitation to sedentary work shows she considered the factors set forth in 20 C.F.R. § 416.927.

Third, Plaintiff argues that the ALJ's determination that Dr. Foster did not review imaging was not supported by substantial evidence. ECF No. 14 at 9. On May 16, 2014, Dr. Foster ordered new x-rays of the lower spine. Tr. 361. However, there is no evidence that these x-rays were taken. On August 5, 2014 Dr. Hurtarte stated that Plaintiff was referred to him by Dr. Foster. Tr. 441. Dr. Hurtarte had the April 26, 2014 x-ray of the lumbar spine, an MRI of the lumbar spine from 2012, and a February 28, 2012 CT of the cervical spine to review. Tr. 442-43. Defendant asserts that because Dr. Foster referred Plaintiff to Dr.

Hurtarte, the fact that Dr. Hurtarte had the imaging results is evidence that Dr. Foster had the imaging results. ECF No. 14 at 9. The evidence surrounding whether Dr. Foster reviewed the imaging reports prior to penning the opinion is unclear. Again, the responsibility of resolving ambiguities lies with the ALJ. *Andrews*, 53 F.3d at 1039. However, the case is remanded for the ALJ to address Dr. Foster's entire opinion.

### C. Myrna Palasi, M.D.

On March 12, 2014, Dr. Palasi reviewed records from Yakima Neighborhood Health and opined that Plaintiff was limited to sedentary work with marked limitations in gross or fine motor skills restrictions and postural restrictions. Tr. 315. The ALJ did not discuss Dr. Palasi's opinion in her decision Tr. 26-27. The residual functional capacity assessment "must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p. Therefore, the ALJ's failure to address Dr. Palasi's opinion was an error.

Defendant argues that the ALJ addressed Dr. Palasi's opinion by listing Exhibit 4F when discussing Dr. Crank's opinion. ECF No. 16 at 14. Exhibit 4F includes both Dr. Palasi's opinion and Dr. Crank's opinion. Tr. 313-23. Dr. Palasi's opinion is similar to Dr. Crank's opinion; however, the ALJ failed to properly address all of Dr. Crank's opinion. Simply because two doctors' conclusions are the same does not mean that both doctors reviewed the same evidence or employed the same reasoning. Therefore, the ALJ must discuss Dr. Palasi's opinion on remand.

### D. Remaining Medical Opinions

Plaintiff also challenges the ALJ treatment of the opinions from William Drenguis, M.D., Leslie Schneider, Ph.D., Dan Donahue, Ph.D., and Olegario Ignacio, Jr., M.D. ECF No. 14 at 16-18. Since the case is being remanded for the

ALJ to properly address the opinions of Dr. Crank, Dr. Foster, and Dr. Palasi, the ALJ will readdress all the medical source opinions on remand.

3.   **Step 5**

Plaintiff challenges the ALJ's step five determination by asserting that the vocational expert's testimony was inconsistent with Job Browser Pro, a computer program used in the industry to provide numbers for jobs associated with the Dictionary of Occupations Title (DOT) codes identified in steps four and five. ECF No. 14 at 18-20. Plaintiff's counsel submits print-outs from Job Browser Pro for the positions identified by the ALJ at step five and asserts that the vocational expert overreported the number of jobs available under each DOT code. ECF Nos. 14 at 18-20, 14-1.

This case is being remanded for the ALJ to readdress the medical source opinions in the record. This will require the ALJ to make a new residual functional capacity determination followed by new determinations at steps four and five. Therefore, the ALJ will call a new vocational expert to testify at remand proceedings that will be subject to cross examination by Plaintiff's counsel.

4.   **Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were not supported in the record. ECF No. 14 at 20-21.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## REMEDY

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF No. 14 at 11.

The decision whether to remand for further proceedings or reverse and

ORDER GRANTING PLAINTIFF'S MOTION - 12

award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address Plaintiff's alleged pain disorder at step two, to properly consider all the medical opinions in the record, to properly consider Plaintiff's symptom statements, to make a new residual functional capacity determination, and to make a new determination at steps four and five. Additionally, the ALJ will supplement the record with any outstanding evidence and call a medical expert and a vocational expert to testify at a remand hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings

consistent with this Order.

    3.    Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED May 6, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 14